**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JIMMY TOBIAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U. S. DEPARTMENT OF INTERIOR,** | ) |
| 1849 C Street NW, | ) |
| Washington, D.C. 20240 | ) |
| | ) |
| **Defendant.** | ) |

## <u>COMPLAINT</u>

1. Plaintiff JIMMY TOBIAS brings this suit to force Defendant U.S. DEPARTMENT OF INTERIOR to conduct a reasonable search, issue a determination, and produce communications sent to or received by DOI officials Matt Giacona and Karen Budd-Falen regarding specific subjects.

## PARTIES

2. Plaintiff JIMMY TOBIAS is an independent reporter who has written for *The Guardian*, *The Nation,* and *Public Domain*, among other media outlets, and is the FOIA requester in this case.

3. Defendant U.S. DEPARTMENT OF INTERIOR ("DOI") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## DECEMBER 9, 2025 FOIA REQUEST TO DOI

6. On December 9, 2025, Plaintiff submitted the following FOIA request to DOI for the following records:

> Any and all written or electronic communications, including emails, texts, Signal messages or DMs, sent or received by Karen Budd-Falen that contain one or more of the following keywords or phrases: "Lithium," "Lithium Nevada," " Lithium Americas," and/or "Thacker." This requests seeks records produced since January 20, 2025 to the date this request is processed.

7. A true and correct copy of the FOIA request, along with subsequent correspondence, is attached as Exhibit 1.

8. On January 5, 2026, DOI acknowledged receipt of the FOIA request and assigned reference number DOI-2026-002492 to the matter.

9. A true and correct copy of the correspondence is attached as Exhibit 2.

10. On May 12, 2026, Plaintiff sought an estimated date of completion and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review. Ex. 1.

11. On July 2, 2026, Plaintiff followed up with DOI to see when Plaintiff can expect to receive a response. Ex. 1.

12. On July 24, 2026, Plaintiff sought an estimated date of completion and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review. Ex. 1.

13. DOI did not send any further correspondence to Plaintiff regarding this request.

14. As of the date of this filing, DOI has not issued a determination on Plaintiff's request.

15. As of the date of this filing, DOI has failed to make any responsive records available to Plaintiff as soon as practicable.

**JANUARY 5, 2026 FOAI REQUEST TO DOI**

16. On January 5, 2026, Plaintiff submitted the following FOIA request to DOI for the following records:

> Any and all emails, texts or other electronic communication sent or received by Karen Budd-Falen that references The New York Times and/or Public Domain, both news outlets. This request seeks records produced since December 1, 2025.

17. A true and correct copy of the FOIA request, along with subsequent correspondence, is attached as Exhibit 3.

18. On January 16, 2026, DOI acknowledged receipt of the FOIA request and assigned reference number DOI-2026-002953 to the matter.

19. A true and correct copy of the acknowledgement is attached as Exhibit 4.

20. On May 12, 2026, Plaintiff sought an estimated date of completion and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review. Ex. 3.

21. On July 2, 2026, Plaintiff followed up with DOI to see when Plaintiff can expect to receive a response. Ex. 3.

22. On July 24, 2026, Plaintiff sought an estimated date of completion and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review. Ex. 3.

23. DOI did not send any further correspondence to Plaintiff regarding this request.

24. As of the date of this filing, DOI has not issued a determination on Plaintiff's request.

25. As of the date of this filing, DOI has failed to make any responsive records available to Plaintiff as soon as practicable.

**JANUARY 6, 2026 FOAI REQUEST TO DOI**

26. On January 6, 2026, Plaintiff submitted the following FOIA request to DOI for the following records:

> Any and all written or electronic communications, including emails, texts, Signal messages or DMs, sent or received by former solicitor's office appointee Karen Budd-Falen that contain one or more of the following key words or phrases: "Lithium," "Lithium Nevada," "Lithium Americas," and/or "Thacker." This request seeks records produced since October 1, 2019 to January 20, 2021.

27. A true and correct copy of the FOIA request, along with subsequent correspondence, is attached as Exhibit 5.

28. On January 8, 2026, DOI acknowledged receipt of the FOIA request and assigned reference number DOI-2026-002980 to the matter.

29. A true and correct copy of the acknowledgement is attached as Exhibit 6.

30. On February 2, 2026, Plaintiff followed up with DOI to see when Plaintiff can expect to receive a response. Ex. 5.

31. On February 9, 2026, DOI stated that the request is currently being processed and it is reviewing responsive documents. Ex. 5.

32. On March 11, 2026, Plaintiff followed up with DOI to see when Plaintiff can expect to receive a response. Ex. 5.

33. On March 11, 2026, DOI again stated that the request is currently being processed and it is reviewing responsive documents. Ex. 5.

34. On April 10, 2026 and on May 11, 2026, Plaintiff followed up with DOI to see when Plaintiff can expect to receive a response. Ex. 5.

35. On May 12, 2026, Plaintiff sought an estimated date of completion and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review. Ex. 5.

36. On June 11, 2026 and on July 13, 2026, Plaintiff followed up with DOI to see when Plaintiff can expect to receive a response. Ex. 5.

37. On July 24, 2026, Plaintiff sought an estimated date of completion and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review. Ex. 5.

38. DOI did not send any further correspondence to Plaintiff regarding this request.

39. As of the date of this filing, DOI has not issued a determination on Plaintiff's request.

40. As of the date of this filing, DOI has failed to make any responsive records available to Plaintiff as soon as practicable.

**APRIL 30, 2026 FOIA REQUEST TO DOI**

41. On April 30, 2026, Plaintiff submitted the following FOIA request to DOI for the following records:

> Any written or electronic communications, including emails, text messages, and Signal chats, sent or received by Karen Budd-Falen that reference any efforts, actions, plans or policies to reform or rewrite the federal grazing regulations, including any agency efforts, plans, proposals or policies to establish or implement categorical exclusions for any grazing related matters. This request seeks records produced since January 20, 2025.

42. A true and correct copy of the FOIA request, along with subsequent correspondence, is attached as Exhibit 7.

43. On May 1, 2026, DOI acknowledged receipt of the FOIA request and assigned reference number DOI-2026-005910 to the matter. *Id*.

44. On May 12, 2026, Plaintiff sought an estimated date of completion and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review. *Id*.

45. On May 12, 2026, DOI placed the request into the "complex" processing track estimating it would take twenty-one to sixty workdays to process and sought a ten-workday extension.

46. A true and correct copy of the extension letter is attached as Exhibit 8.

47. On July 2, 2026, Plaintiff followed up with DOI to see when Plaintiff can expect to receive a response. Ex. 7.

48. On July 8, 2026, Plaintiff sought an estimated date of completion and inquired about the status of the request, including whether the search for records had been completed, how many pages were located in response to the search, and whether an analyst had been assigned for review. Ex. 7.

49. DOI did not send any further correspondence to Plaintiff regarding this request.

50. As of the date of this filing, DOI has not issued a determination on Plaintiff's request.

51. As of the date of this filing, DOI has failed to make any responsive records available to Plaintiff as soon as practicable.

**COUNT I – DOI'S FOIA VIOLATION**
**DECEMBER 9, 2025 REQUEST TO DOI**

52. Paragraphs 1-51 are incorporated by reference.

53. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

54. Defendant DOI is a federal agency subject to FOIA.

55. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

56. Defendant DOI has failed to conduct a reasonable search for records responsive to the request.

57. Defendant DOI has failed to issue a determination within the statutory deadline.

58. Defendant DOI has failed to produce all non-exempt records responsive to the request.

**COUNT II – DOI'S FOIA VIOLATION**
**JANUARY 5, 2026 REQUEST TO DOI**

59. Paragraphs 1-51 are incorporated by reference.

60. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

61. Defendant DOI is a federal agency subject to FOIA.

62. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

63. Defendant DOI has failed to conduct a reasonable search for records responsive to the request.

64. Defendant DOI has failed to issue a determination within the statutory deadline.

65. Defendant DOI has failed to produce all non-exempt records responsive to the request.

**COUNT III – DOI'S FOIA VIOLATION**
**JANUARY 6, 2026 REQUEST TO DOI**

66. Paragraphs 1-51 are incorporated by reference.

67. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

68. Defendant DOI is a federal agency subject to FOIA.

69. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

70. Defendant DOI has failed to conduct a reasonable search for records responsive to the request.

71. Defendant DOI has failed to issue a determination within the statutory deadline.

72. Defendant DOI has failed to produce all non-exempt records responsive to the request.

**COUNT IV – DOI'S FOIA VIOLATION**
**APRIL 30, 2026 REQUEST TO DOI**

73. Paragraphs 1-51 are incorporated by reference.

74. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

75. Defendant DOI is a federal agency subject to FOIA.

76. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

77. Defendant DOI has failed to conduct a reasonable search for records responsive to the request.

78. Defendant DOI has failed to issue a determination within the statutory deadline.

79. Defendant DOI has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendant has violated FOIA;

ii. order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendant from withholding non-exempt public records under FOIA;

iv. award Plaintiff attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: August 17, 2026

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
JIMMY TOBIAS

Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com